# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| GLORIA E. HAMILTON, on behalf of herself and all others similarly situated,  <br><br>Plaintiff,<br><br>v.<br><br>SCOTT & ASSOCIATES, P.C., and LVNV FUNDING, LLC,<br><br>Defendants. | CLASS ACTION COMPLAINT<br><br>CASE NO. 6:19-cv-00681<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

NOW comes GLORIA E. HAMILTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all other similarly situated, complaining as to the conduct of SCOTT & ASSOCIATES, P.C. ("Scott"), and LVNV FUNDING, LLC ("LVNV") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a 56 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Robinson, Texas, which lies within the Western District of Texas.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Scott is a debt collection law firm holding itself out as a debt collector whose principal purpose is the collection of consumer debts.[1] Scott is a professional corporation organized under the laws of the state of Texas with its principal place of business located at 1120 Metrocrest Drive, Suite 100, Carrollton, Texas.

7. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

8. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

9. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to

---

[1] https://www.spalaw.com/consumers.html
[2] http://www.lvnvfunding.com/

collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. The instant action arises out of Defendants' attempts to collect upon outstanding credit card debt ("subject debt") said to be owed by Plaintiff.

12. The subject debt stems from Plaintiff's purported past due payments on a personal credit card said to be issued to Plaintiff by Credit One Bank, N.A. ("Credit One").

13. After Plaintiff's purported default on the subject debt, Credit One charged off and sold the subject debt to LVNV.

14. On information and belief, Scott, on behalf of or at the direction of LVNV, began attempting to collect on the subject debt in approximately the Fall of 2019.

15. In connection with these collection efforts, Scott, at the direction of LVNV, filed a small claims action against Plaintiff, and subsequently caused a summons to be served on Plaintiff in October 2019.

16. In addition to being served with a summons, Plaintiff was handed the below yellow card by the process server:

> **THIS CARD IS NOT A COURT DOCUMENT**
>
> **This Can Be Resolved Outside of Court:**
>
> Contact an Account Representative at Scott & Associates, P.C.
>
> Call: (866) 298-3155
> Monday- Friday 8:00- 6:00
> Email: helpdesk@scott-pc.com
>
> IN ACCORDANCE WITH 15 U.S.C. 1692E(11), PLEASE BE ADVISED THAT THE PURPOSE OF THIS DOCUMENT IS TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.

17. This yellow card was not covered by any sort of envelope when provided to the process server by Defendants, and was handed to Plaintiff by the process server prior to Plaintiff being handed the summons.

18. The yellow card and its contents were entirely visible to the process server, and the process server viewed the document prior to handing it to Plaintiff.

19. As such, Defendants' use of the yellow card constitutes an impermissible communication with a third party under 15 U.S.C. § 1692c(b), as it communicated to the process server that Plaintiff owed a debt that was being collected by Defendants.

20. Additionally, the yellow card was not the first communication Plaintiff received from Defendants.

21. As such, the failure to disclose that the yellow card was from a debt collector is in direct violation of 15 U.S.C. § 1692e(11).

22. All of Defendants' collection actions at issue occurred within the one year preceding the date of the filing of this Complaint.

23. Defendants' conduct harmed Plaintiff's statutorily protected interest to be free from deceptive and misleading collection communications, and further invaded Plaintiff's privacy by virtue of improperly communicating with a third party.

### CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons residing in the state of Texas who received a yellow card from Defendants in conjunction with being served legal process in connection with Defendants' efforts to collect upon a debt during the one year preceding the filing of this action through the date of class certification.

25. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

26. Upon information and belief, the Class consists of hundreds or more persons throughout the state of Texas, such that joinder of all Class members is impracticable.

27. There are questions of law and fact that are common to the Class members that relate to Defendants' violations of the FDCPA, particularly because they are based on a common course of conduct by Defendants.

28. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

29. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on

the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendants violated the FDCPA by impermissibly communicating with third parties; (ii) whether Defendants violated the FDCPA by failing to disclose that the yellow card was from a debt collector; (iii) whether LVNV is directly liable for its role in the inclusion of the yellow card in the documents served upon Plaintiff and Class members; (iv) whether LVNV is vicariously liable for Scott's inclusion of the yellow card in the documents served upon Plaintiff and Class members; and (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANTS

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

36. Although Scott is the entity referenced in the yellow card Plaintiff received, LVNV's relationship with Scott renders it either directly liable for the below referenced violations of the FDCPA, or vicariously liable for the FDCPA violations engaged in by Scott.

 **a. Violations of FDCPA § 1692c(b)**

37. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), provides that "without the prior express consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

38. Defendant violated § 1692c(b) through the use of its yellow card. This yellow card constitutes a "communication" that was viewed by the process server. As such, Defendants' yellow card communicated to the process server that Plaintiff owed a debt, in violation of the FDCPA. Although the court presiding over the litigation initiated by Defendants would have allowed the service of the summons, the yellow card – which itself explicitly identifies that it is not a court document – would not have been a similarly permitted communication. Further, because the debt had not yet been reduced to judgment, the communication was not necessary to effectuate any sort of postjudgment judicial remedy. And, Plaintiff never consented to this third party communication. Because Defendants improperly communicated with a third party and such communication does not fall within the recognized exceptions to third party communications outlined above, Defendants' conduct is in violation of the FDCPA.

 **b. Violations of FDCPA § 1692e *et seq.***

7

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

41. Defendants violated 15 U.S.C. §§ 1692e, e(10), and e(11) through the failure to disclose that the yellow card was a communication from a debt collector. By failing to disclose themselves as debt collectors, Defendants directly violated § 1692e(11) and further misleadingly attempted to obscure Plaintiff's and Class members' rights under the FDCA by obfuscating their status as debt collectors.

WHEREFORE, Plaintiff, GLORIA E. HAMILTON, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 26, 2019                    Respectfully submitted,

s/ Nathan C. Volheim                        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225


| | |
|---|---|
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Western District of Texas | Admitted in the Western District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |